UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NOODLE TIME, INC., | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| | : | SECTION: |
| | : | |
| vs. | : | JUDGE: |
| | : | |
| NI'S ENTERPRISES, INC; NI'S | : | MAGISTRATE: |
| CORPORATION, INC.; SHREVEPORT 1752 | : | |
| CORPORATION, INC.; HANA JAPANESE | : | JURY TRIAL DEMANDED |
| RESTAURANT, INC.; LAI ENTERPRISES | : | |
| INC.; XUELAI WU, individually and in her | : | |
| capacity as officer of SHREVEPORT 1572, | : | |
| HANA JAPANESE RESTAURANT, INC., and | : | |
| LAI ENTERPRISES, INC.; and ZHIQIANG NI, | : | |
| individually and in his capacity as officer of | : | |
| NI'S ENTERPRISES, INC. and NI'S | : | |
| CORPORATION, INC. | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

---

## COMPLAINT

Plaintiff, NOODLE TIME, Inc.., a Florida corporation, by and through its undersigned counsel, files this Complaint against Defendants XUELAI WU, an Individual, and ZHIQIANG NI, an Individual, and in support of its claims alleges as follows:

## THE PARTIES

1.     Plaintiff, NOODLE TIME, INC. is a Florida corporation with a principal place of business of 8750 NW 36th Street, Suite 300, Doral, Florida 33178 (hereinafter "Noodle Time").

2.     Defendant, NI'S ENTERPRISES, INC., is a Louisiana corporation with a principal place of business of 109 Nelda Drive, Leesville, Louisiana 71446 (hereinafter "NI'S Enterprises").

3.     Defendant, NI'S CORPORATION, INC., is a Louisiana corporation with a principal place of business of 109 Nelda Drive, Leesville, Louisiana 71446 (hereinafter "NI'S Corporation").

4.     Defendant, SHREVEPORT 1752 CORPORATION, INC., is a Louisiana corporation with a principal place of business of 109 Nelda Drive, Leesville, Louisiana 71446 (hereinafter "Shreveport 1752").

5.     Defendant, HANA JAPANESE RESTAURANT, INC., is a Louisiana corporation with a principal place of business of 1404 S. 5th Street, Leesville, Louisiana 71446 (hereinafter "Hana Japanese Restaurant").

6.     Defendant, LAI ENTERPRISES INC., is a Louisiana corporation with a principal place of business of 109 Nelda Drive, Leesville, Louisiana 71446 (hereinafter "Lai Enterprises").

7.     Defendant, XUELAI WU, an Individual, resides at 1042 Washington Street, Natchitoches, Louisiana 71457 (hereinafter "WU").

8.     Defendant, ZHIQIANG NI, an Individual, resides at 1042 Washington Street, Natchitoches, Louisiana 71457 (hereinafter "NI").

9.     Upon information and belief, Defendants NI'S Enterprises, NI'S Corporation, Shreveport 1752, Hana Japanese Restaurant, Lai Enterprises, WU, and NI (individually and

collectively, "Defendants") operate multiple restaurants, do business, and are known as "Hana Japanese," "Hana Japanese Steakhouse and Sushi Bar," "Hana Japanese Steakhouse," "Hana Japanese Restaurant," "Hana Steakhouse and Sushibar," "Hana's Restaurant," "Hana Steak, Seafood and Sushi," "Hana Japanese Restaurant," and/or "Hana Japanese Sushi Bar & Grill."

10.     Upon information and belief, Defendants operate five (5) restaurants located in Alexandria, Leesville, Natchitoches, and Shreveport, Louisiana and use the above-referenced marks, trade names, and names consisting of "HANA" to advertise and promote their restaurant locations and franchise services.

## STATEMENT OF THE CASE

11.     This is an action by Noodle Time against Defendants seeking injunctive relief, Defendants' profits, compensatory damages, and costs and attorneys' fees of this action, among other relief, for Defendants' acts of willful trademark infringement, use of a false designation of origin and false description, unfair competition, and injury to business reputation ---- all of which are violations of federal, Louisiana, and common law.

12.     Noodle Time brings this action due to Defendants' willful disregard for Noodle Time's federally-registered **BENIHANA**® Trademarks and Defendants' use of confusingly similar marks, business trade names, designs, and use of the color red as their primary restaurant and theme color (individually and collectively, the "HANA Marks"); all in connection with Defendants' advertising and promotion of their five (5) restaurant locations in Louisiana. Defendants' use of the HANA Marks is likely to bring to mind Noodle Time's distinctive **BENIHANA**® Trademarks (as later defined), create consumer confusion, and a false association between Noodle Time and Defendants.

3

{N2597327.1}

13.     As set forth below, Defendants' acts constitute federal and state trademark infringement, use of a false designation of origin, false description, unfair competition, cybersquatting, and injury to business reputation, all in violation of 15 U.S.C. §§ 1114 and 1125(a) and La. Rev. Stats. §§ 51:222, 51:223.1, and 51:1405.

## JURISDICTION AND VENUE

14.     This action arises under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), Louisiana Trademark Law, La. Rev. Stats. §§ 51:222, 51:223.1; Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA"), La. Rev. Stat. § 51:1405; and Louisiana Civil Code Article 2315.

15.     This Court has original federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.  This Court has supplemental subject matter jurisdiction over Noodle Time's remaining state and common laws claims under 28 U.S.C. § 1367.

16.     Upon information and belief, this Court has personal jurisdiction over Defendants because they live in the State of Louisiana, exist under the laws of the State of Louisiana, transact business in the State of Louisiana, and because the willful actions alleged herein took place in the State of Louisiana.

17.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because at least one of the Defendants resides in this judicial district, Defendants operate and do significant business in Louisiana, and the facts giving rise to the claims alleged herein occurred in this judicial district.

4

## FACTS COMMON TO ALL COUNTS

## THE FAMOUS BENIHANA® TRADEMARKS

18.   Noodle Time, by and through its related companies, is the nation's largest operator and franchisor of teppanyaki restaurants and the leading Asian themed restaurant chain in the world having served over 100 million meals since 1964.  Teppanyaki is a style of Japanese cuisine that uses a flat surface grill to cook food and at **BENIHANA®** restaurants, Noodle Time combined teppanyaki with live entertainment in the form of entertaining chefs performing for guests while cooking.  According to *Wikipedia,* teppanyaki was made famous in the United States by the **BENIHANA®** restaurants.  (See http://en.wikipedia.org/wiki/Teppanyaki, last acceesed February 25, 2013).  Noodle Time operates and franchises approximately 100 **BENIHANA®** restaurants in the United States, South America, Central America and the Caribbean.

19.   Noodle Time has continuously, exclusively, and extensively used the **BENIHANA®** and **FLOWER DESIGN®** trademarks and the color red, along with other slogans, logos, designs, and trademarks (the marks shall hereafter be individually and collectively referred to as the "**BENIHANA®** Trademarks") in interstate commerce since as early as 1964 in connection with its restaurant services.  Noodle Time also provides delivery, catering, and restaurant take-out services and franchise services.

20.   The English translation of the mark "BENIHANA" is "red flower."

21.   The color red is used consistently and extensively in connection with the **BENIHANA®** restaurants, in the **FLOWER DESIGN®** mark, in restaurant signage, on menus,

in flyers, such that the color red has become associated with the **BENIHANA®** brand (the "Red Trademark" and included in the definition of **BENIHANA®** Trademarks).

22.     Noodle Time's goods and services have been highly publicized and by virtue of its promotion, advertising, and continuous use of its **BENIHANA®** Trademarks in nearly 100 restaurants, Noodle Time has acquired much notoriety and a most valuable reputation under its **BENIHANA®** Trademarks.

23.     The **BENIHANA®** restaurants are popular among teppanyaki and sushi enthusiasts alike and consequently, the **BENIHANA®** brand has received thousands of positive reviews on various online websites like Yelp.com, Zagat.com, and Tripadvisor.com.  Noodle Time has continuously expended substantial resources to market, advertise, and promote its **BENIHANA®** Trademarks in a variety of media including without limitation, through television, radio, print and electronic media, and its website located at www.BENIHANA.com.

24.     Due to its presence and extensive advertising and promotion, the **BENIHANA®** Trademarks have acquired enormous value and have become distinctive and well-known to the consuming public and the trade as identifying and distinguishing Noodle Time's goods/services.

25.     Noodle Time advertises, promotes, and markets its goods/services through television, radio, print, Internet advertising, and its website located at www.benihana.com.

26.     The **BENIHANA®** Trademarks have been used by Noodle Time for almost forty-five (45) years prior to Defendants' use.  Noodle Time's rights in its **BENIHANA®** Trademarks were established long before any date on which Defendants may rely.

{N2597327.1}

<u>**NOODLE TIME'S REGISTRATIONS**</u>

27.      Noodle Time is the owner of the following federal trademark registrations for its

**BENIHANA®** Trademarks:

| Filing Date/ Registration Date | Trademark | Registration No. | Goods/Services |
|---|---|---|---|
| 08/25/2010 / 03/08/2011 |  | 3928723 | Franchise services, namely, offering business management assistance in the establishment and operation of restaurant and bar services. |
| 05/20/1971 / 08/01/1972 | **BENIHANA OF TOKYO** | 0940142 | Restaurant services in IC 42 |
| 04/13/1982 / 03/08/1983 | **BENIHANA** | 1230609 | Restaurant services in IC 42 |
| 12/10/1982 / 11/19/1985 | **BENIHANA** | 1371624 | Sake in IC 43 |
| 03/05/1986 / 10/07/1986 | **BENIHANA** | 1412570 | Wines, namely, plum wine; and spirits, namely, sake in IC 33 |
| 04/29/1994 / 01/07/1997 | **BENIHANA and Design** | 2029115 | Edible oils and fats in IC 29 |
| 01/29/1996 / 04/22/1997 | **BENIPAC KANA & DESIGN** | 2054499 | Carry out food services in IC 42 |

{N2597327.1}

| Filing Date/ Registration Date | Trademark | Registration No. | Goods/Services |
|---|---|---|---|
| | BeniPet | | |
| 07/18/1995 / 04/29/1997 | BENIHANA GRILL and Design <br><br> BENIHANA Grill | 2058184 | Restaurant services in IC 42 |
| 12/06/1996 / 12/09/1997 | BENIHANA GRILL (stylized) <br><br> BENIHANA Grill | 2119770 | Restaurant services in IC 42 |
| 07/29/1999 / 04/22/2003 | BENISUSHI | 2709651 | Restaurant and carry out restaurant services in IC 42 |
| 09/05/2011 / 10/28/2003 | BENIHANA HERB TEA | 2778343 | Tea in IC 30 |
| 10/17/2008 / 06/09/2009 | BENIGRAM | 3634519 | Providing e-mail services in the nature of a user created e-mail greeting in which the letters are formed from food slices cut by an animated Benihana chef in IC 38 |
| 09/17/2009 / 02/16/2010 | BENIHANA | 3784161 | Drinking mugs in IC 21 |
| 09/08/2010 / 03/08/2011 | BENIHANA | 3928737 | Franchise services, namely, offering business management assistance in the establishment and |

8

| Filing Date/ Registration Date | Trademark | Registration No. | Goods/Services |
|---|---|---|---|
| | | | operation of restaurant and bar services in IC 35 |
| 05/20/1971 / 07/11/1972 |  | 0937781 | Restaurant services in IC 43 |
| 03/05/1986 / 01/27/1987 |  | 1426792 | Wines, namely, plum wine; and spirits, namely, sake in IC 33 |
| 05/20/1971 / 07/11/1972 |  | 0937781 | Restaurant services in IC 43 |
| 04/29/1994 / 01/14/1997 |  | 2030592 | Edible oils and fats in IC 29 |

(individually and collectively referred to as "**BENIHANA®** Registrations").  True and accurate copies of the registration certificates are attached hereto as ***Exhibit 1***.   Noodle Time's Registrations are valid, subsisting, and in full force and effect, and constitute prima facie evidence of the validity of the Noodle Time's **BENIHANA®** Trademarks depicted in the

BENIHANA® Registrations and of Noodle Time's exclusive right to use them in connection with the services identified in BENIHANA® Registrations pursuant to 15 U.S.C. § 1057(c).

28.     Most of Noodle Time's federal registrations for the BENIHANA® Trademarks are incontestable, and thereby constitute conclusive evidence of Noodle Time's exclusive right to use the marks for the goods/services recited in the registrations, in accordance with 15 U.S.C. § 1065.  In addition, the registrations are proof of the inherent distinctiveness of Noodle Time's BENIHANA® Trademarks.

29.     In addition to the BENIHANA® Registrations, Noodle Time also owns several pending federal trademark applications to register its BENIHANA® Trademarks including the following:

| Filing Date | Trademark | Serial No. | Goods/Services |
|---|---|---|---|
| 01/21/2011 | BENIHANA | 85223480 | Chef knives; flatware and cutlery, namely, forks, knives and spoons in IC 08; Serving dishes, serving bowls, serving forks, serving spoons, serving tongs, serving trays, serving ladles, and serving platters not of precious metal; bowls; Japanese rice bowls not of precious metal; chopsticks, chopstick rests, and chopstick cases; salt and pepper shakers; tea sets; sake cups and serving bottles not precious metal in IC 21; Frozen appetizers and meals consisting primarily of meat, seafood, poultry, or vegetables, with and without seasonings and sauces; pre-packaged appetizers and meals consisting primarily of meat, seafood, poultry, or vegetables, with and without seasonings and sauces; preparations for making soups; marinated or seasoned meat, seafood, poultry, or vegetables; frozen meat, seafood, poultry, or vegetables in IC 29; and Frozen and pre-packaged appetizers and meals consisting primarily of pasta, noodles, or rice with and without seasonings and sauces; pre-packaged appetizers and meals consisting primarily of pasta, noodles, or rice with and without seasonings and sauces; salad dressings; cooking sauces; soy sauce; |

10

| | | | teriyaki sauce; noodles; noodles or rice with sauce and seasoning toppings combined in unitary packages; seasoning mixes; food seasonings; rice; Asian noodles in IC 30. |
|---|---|---|---|
| 01/21/2011 |  | 85223502 | Chef knives; flatware and cutlery namely, forks, knives and spoons in IC 08; Serving dishes, serving bowls, serving forks, serving spoons, serving tongs, serving trays, serving ladles, and serving platters not of precious metal; bowls; Japanese rice bowls not of precious metal; chopsticks, chopstick rests, and chopstick cases; salt and pepper shakers; tea sets; sake cups and serving bottles not precious metal in IC 21; Frozen appetizers and meals consisting primarily of meat, seafood, poultry, or vegetables, with and without seasonings and sauces; pre-packaged appetizers and meals consisting primarily of meat, seafood, poultry, or vegetables, with and without seasonings and sauces; preparations for making soups; marinated or seasoned meat, seafood, poultry, or vegetables; frozen meat, seafood, poultry, or vegetables in IC 29; and frozen and pre-packaged appetizers and meals consisting primarily of pasta, noodles, or rice with and without seasonings and sauces; pre-packaged appetizers and meals consisting primarily of pasta, noodles, or rice with and without seasonings and sauces; salad dressings; cooking sauces; soy sauce; teriyaki sauce; noodles; noodles or rice with sauce and seasoning toppings combined in unitary packages; seasoning mixes; food seasonings; rice; Asian noodles in IC 30 |

## DEFENDANTS' VIOLATION OF THE BENIHANA® TRADEMARKS

30.    Upon information and belief and in blatant disregard of Noodle Time's trademark rights, Defendants selected, adopted, and began to use the HANA Marks to compete with Noodle Time.

31.    Upon information and belief, Defendants use and/or have used the HANA Marks, domain names, and corporate names consisting of, in whole or in part, "HANA," in order to

11

advertise and promote its competing restaurant services through multiple restaurant locations offering Japanese teppanyaki and sushi with the intent to franchise its franchise services.

32.     Upon information and belief, Defendants, like Noodle Time, use the color red as the primary color in connection with the advertising and promotion of the HANA restaurants, along with a confusingly similar logo, in restaurant signage, on menus, in flyers, such Defendants' use of the color red, particularly in conjunction with the HANA Marks, is confusing, misleading, and leads the public to believe there is an association between the **BENIHANA®** Trademarks and the HANA Marks.   Examples of such use are depicted below:







33.     On March 2, 2011, Defendants filed an application to register one of the HANA

Marks, the JAPANESE HANA STEAKHOUSE AND SUSHIBAR & Design Mark, subject of

Application Serial No. 85/309,557.  Defendants filed its application based upon an intent-to-use

(Section 1(b), 15 U.S.C. § 1052(b)) in connection with "restaurant franchising, namely, offering

13

business management assistance in the establishment and/or operation of restaurants," in International Class 035; and based upon use (Section 1(a), 15 U.S.C. § 1052(a)) in commerce in connection with "restaurant," in International Class 043 (hereinafter the "Subject Application").

34.    The Subject Application consists of the dominant term "HANA" and disclaims the exclusive right to use the wording "JAPANESE STEAKHOUSE AND SUSHIBAR."  The services recited in the Subject Application are virtually identical to Noodle Time's services.

35.    Upon information and belief, Defendants had knowledge of Noodle Time's prior rights to and interest in the **BENIHANA®** Trademarks prior to filing the Subject Application. As a matter of law, Defendants were on constructive notice of Noodle Time's **BENIHANA®** Trademarks based on Noodle Time's Registrations and Defendants had such constructive notice before filing the Subject Application.

36.    Defendants use and seek to register its HANA Mark for goods/services virtually identical to Noodle Time's restaurant and franchise services.

37.    On June 20, 2012, Noodle Time initiated an opposition proceeding before the Trademark Trial and Appeal Board against the Subject Application based upon the **BENIHANA®** Trademarks; said proceeding has been assigned Opposition Proceeding No. 91205715 (the "Opposition").

38.    During the course of that proceeding, the parties attempted to negotiate a resolution of their dispute and Noodle Time filed a Motion for Suspension for Settlement with Consent, allowing for the suspension of the matter until March 8, 2013.  Seeing as the parties were unable to resolve this dispute, Noodle Time filed the instant action.

14

39.     Upon information and belief, Defendants have used, are using, and intend to use the HANA Marks and have filed the Subject Application with full knowledge of Noodle Time's **BENIHANA**® Trademarks.

40.     Defendants' use of the confusingly similar HANA Marks as part of their corporate names, trade names, trademarks, and domain names to identify their restaurant, bar, restaurant delivery, and franchise services creates confusion and deception as to the source or origin of Defendants' services and through this use, Defendants are unfairly trading on the valuable goodwill embodied in the **BENIHANA**® Trademarks.

41.     Upon information and belief, Defendants undertook these activities with full knowledge of the fame and popularity of the **BENIHANA**® Trademarks which are used to identify Noodle Time's international restaurant locations.

42.     The sight, sound, and overall commercial impression conveyed by Defendants' HANA Marks and the **BENIHANA**® Trademarks are confusingly similar, misleading, and deceptive.

43.     The goods/services being offered by Defendants using Defendants' HANA Marks are identical to the goods/services being offered by Noodle Time using the **BENIHANA**® Trademarks.

44.     The trade channels, prospective customers, and actual customers of Noodle Time and Defendants are similar due to the overlapping nature of the goods/services and the fact that the parties' offer their goods/services in a restaurant/bar, and due to the geographic proximity of the parties' restaurant locations.

{N2597327.1}

45.     Defendants had knowledge of Noodle Time's prior rights to the **BENIHANA®** Trademarks.  Defendants were, at a minimum, on constructive notice of the **BENIHANA®** Trademarks, based on the **BENIHANA®** Registrations, prior to adopting and using the HANA Marks and/or attempting to register the HANA Marks via the Subject Application.

46.     Given the confusingly similar nature of the parties' marks and the good/services offered or to be offered by Noodle Time and Defendants, Defendants' use of the HANA Marks is likely to cause consumers to mistakenly believe that Defendants' goods/services are approved, endorsed, sponsored, or affiliated by Noodle Time, or that Noodle Time is a source of Defendants' goods/services, or that the goods/services of Defendants' are in some other way associated with Noodle Time, all to Noodle Time's injury and harm.

## COUNT 1: LIKELIHOOD OF CONFUSION WITH BENIHANA® TRADEMARKS (15 U.S.C. § 1114)

47.     Noodle Time hereby incorporates the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

48.     Noodle Time has continuously, extensively, and exclusively used the **BENIHANA®** Trademarks since as early as 1964 and has not abandoned the marks.

49.     Noodle Time's use and registration of the **BENIHANA®** Trademarks in the United States for restaurant and franchise services predates the purported use by Defendants. The HANA Marks as used or intended to be used by Defendants for its goods/services is a reproduction, copy, and colorful imitation of the **BENIHANA®** Trademarks.  The HANA Marks are likely to cause confusion, mistake, or deception with regard to the origin of said goods/services and to confuse, mislead, and deceive members of the public into believing that

16

Noodle Time has allowed, sponsored, approved, or licensed Defendants to provide their goods/services, or in some way Defendants is connected to or affiliated with Noodle Time, when it is not.  Any such confusion would result in injury or have a direct impact on Noodle Time's reputation and its ability to market its own goods/services under the **BENIHANA®** Trademarks. Furthermore, any defect, objection, or fault found with Defendants' goods/services marketed under its HANA Marks would negatively impact and seriously injure the reputation Noodle Time has established for the goods/services it sells under the **BENIHANA®** Trademarks.

50.     Upon information and belief, the aforementioned acts and conduct of Defendants were carried out by Defendants with the intent and purpose of trading upon the goodwill and reputation of Noodle Time and the **BENIHANA®** Trademarks and to call to the minds of consumers the **BENIHANA®** brand in an attempt to pass off and/or associate Defendants' goods/services as Noodle Time's goods/services.

51.     Defendants' adoption, use, and attempt to register the HANA Marks is without Noodle Time's permission, license, or consent.   Defendants are not connected with the **BENIHANA®** trademarks.  Noodle Time has objected to Defendants' use and/or registration of the HANA Marks and Defendants have intentionally ignored such demands, intending to trade on the goodwill associated with the **BENIHANA®** Trademarks.

52.     Defendants' acts constitute willful and deliberate infringement of the federally-registered **BENIHANA®** Trademarks in violation of 15 U.S.C. § 1114.

53.     By reason of Defendants' acts alleged herein, Noodle Time has suffered and, unless Defendants' conduct is restrained, will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

17

{N2597327.1}

## <u>COUNT 2: FALSE SUGGESTION OR CONNECTION AND UNFAIR COMPETITION</u>
## <u>(15 U.S.C. § 1125(a))</u>

54.     Noodle Time hereby incorporates the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

55.     Defendants' unauthorized use of the **BENIHANA**® Trademarks in its trade name, trademark, corporate name, and domain name unfairly competes with Noodle Time and constitutes a false designation of origin and false description and falsely represents to the public that the goods/services advertised, sold, or offered for sale by Defendants emanate from the same source or origin of Noodle Time's goods/services, or that Noodle Time authorizes, endorses, sponsors, or otherwise approves Noodle Time's goods/services, when Noodle Time does not.

56.     Defendants, with knowledge of such falsity, offered or caused to be offered, advertised, and sold goods/services in connection with trademarks, trade names, and domain names that are confusingly similar to the **BENIHANA**® Trademarks.

57.     Defendants' use of the HANA Marks, confusingly similar to the BENIHANA® Trademarks, is without Noodle Time's permission, license, or consent.  Defendants are not connected with Noodle Time or the **BENIHANA**® Trademarks.  Noodle Time has objected to Defendants' use and/or registration of the HANA Marks and Defendants have intentionally ignored such demands, intending to trade on the goodwill associated with the **BENIHANA**® Trademarks.

58.     Defendants' acts constitute false suggestion or connection or unfair competition with the **BENIHANA**® Trademarks in violation of 15 U.S.C. § 1125(a).

{N2597327.1}

59.     By reason of Defendants' acts alleged herein, Noodle Time has suffered and, unless Defendants' conduct is restrained, will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## COUNT 3: FEDERAL TRADEMARK DILUTION
### (15 U.S.C. § 1125(c))

60.     Noodle Time hereby incorporates the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

61.     The **BENIHANA®** Marks are well known, distinctive, and famous.

62.     Defendants are promoting, offering and advertising, or causing to be promoted, offered and advertised, and selling and offering for sale services in connection with the HANA Marks, which is confusingly similar and dilutive of the **BENIHANA®** Trademarks.

63.     Defendants' acts complained of herein constitute violations of Section 43(c) of the Lanham Act, as amended, 15 U.S.C. § 1125(c), in that Defendants' use of the HANA Marks, that are confusingly similar and dilutive of the **BENIHANA®** Trademarks in connection with the advertising, promotion, and sale of their services, has caused dilution of the acquired, distinctive quality of the **BENIHANA®** Trademarks.

64.     Upon information and belief, Defendants have used, and continue to use, a mark which is similar or identical to the **BENIHANA®** Trademarks without the authorization of Noodle Time, for the wrongful purpose of benefiting from and trading upon the fame and goodwill attached to the **BENIHANA®** Trademarks so as to unfairly enhance the commercial value of Defendants' services.

{N2597327.1}

65.     Upon information and belief, the aforementioned acts and conduct of Defendants were carried out with the intent and purpose of appropriating and trading upon the goodwill and reputation of Noodle Time, and of passing off Defendants' services as Noodle Time's services.

66.     Upon information and belief, the actions of Defendants were done with full knowledge and were directed and controlled by Defendants.

67.     The acts of Defendants complained of herein have diluted, blurred, and tarnished the strong and positive association between Noodle Time and the **BENIHANA®** Trademarks by causing the **BENIHANA®** Trademarks to be associated with services not organized, sponsored, or approved by Noodle Time.

68.     Defendants' acts constitute dilution and/or likelihood of dilution with the **BENIHANA®** Trademarks in violation of 15 U.S.C. § 1125(c).

69.     By reason of the acts of Defendants herein alleged, Noodle Time has suffered and unless Defendants are restrained from continuing their wrongful acts, will continue to suffer serious and irreparable harm for which it has not adequate remedy at law.

**COUNT 4: TRADEMARK INFRINGEMENT UNDER LOUISIANA LAW**
**(La. Rev. Stat. § 51:222 and La. Civ. Code Art. 2315)**

70.     Noodle Time hereby incorporates the allegations contained in Paragraphs 1 through 64 as if fully set forth herein.

71.     Noodle Time owns and has used the **BENIHANA®** Trademarks as distinctive trade names and trademarks throughout the United States and the world, including in Louisiana, since as early as 1964 and has not abandoned the marks.

20

72.     Defendants unauthorized use of the **BENIHANA®** Trademarks, which is likely to cause confusion and mistake as to the source or sponsorship of its services, infringes Noodle Time's **BENIHANA®** Trademarks in violation of La. Rev. Stat. § 51:222 and Article 2315 of the Louisiana Civil Code.

73.     By reason of Defendants' acts alleged herein, Noodle Time has suffered and, unless Defendants' conduct is restrained, will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## COUNT 5: LOUISIANA TRADEMARK DILUTION
### (La. Rev. Stat. § 223.1)

74.     Noodle Time hereby incorporates the allegations contained in Paragraphs 1 through 68 as if fully set forth herein.

75.     Defendants' unauthorized use of the **BENIHANA®** Marks is likely to injure the business reputation of Noodle Time and to dilute the distinctive quality of Noodle Time's **BENIHANA®** Marks in violation of La. Rev. Stat. § 51: 223.1.

76.     By reason of the acts of Defendants herein alleged, Noodle Time has suffered and unless Defendants are restrained from continuing their wrongful acts, will continue to suffer serious and irreparable harm for which it has not adequate remedy at law.

## COUNT 5: LOUISIANA UNFAIR AND DECEPTIVE TRADE PRACTICES
### (La. Rev. Stat. § 51:1405)

77.     Noodle Time hereby incorporates the allegations contained in Paragraphs 1 through 71 as if fully set forth herein.

{N2597327.1}

78.     Under La. Rev. Stat. 51:1405(A), "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

79.     The conduct of Defendants described above constitutes unfair trade and deceptive practices pursuant to Louisiana's Unfair Trade Practices Act.  La. Rev. Stat. § 51:1405.

80.     Defendants engaged in unfair trade practices within the meaning of LUTPA because Defendants' unauthorized use of the **BENIHANA**® Trademarks in its trade name, trademark, corporate name, and domain name unfairly competes with Noodle Time and constitutes a false designation of origin and false description and falsely represents to the public that the goods/services advertised, sold, or offered for sale by Defendants emanate from the same source or origin of Noodle Time's goods/services, or that Noodle Time authorizes, endorses, sponsors, or otherwise approves Noodle Time's goods/services, when Noodle Time does not.

81.     Defendants engaged in deceptive practices within the meaning of LUTPA because Defendants, with knowledge of such falsity, offered or caused to be offered, advertised, and sold goods/services in connection with trademarks, trade names, and domain names that are confusingly similar to the **BENIHANA**® Trademarks.

82.     Defendants' use of the HANA Marks, confusingly similar to the BENIHANA® Trademarks, is without Noodle Time's permission, license, or consent.  Defendants are not connected with Noodle Time or the **BENIHANA**® Trademarks.  Noodle Time has objected to Defendants' use and/or registration of the HANA Marks and Defendants have intentionally ignored such demands, intending to trade on the goodwill associated with the **BENIHANA**® Trademarks.

22

{N2597327.1}

83.    All of these actions were done to benefit Defendants and harm Noodle Time.

84.    Notice of this Complaint has been sent to the Attorney General pursuant to La. Rev. Stat. § 51:1409(B).  Therefore, Noodle Time is entitled to treble damages under La. Rev. Stat. § 51:1409(A) for any continued violations of LUTPA.

85.    By reason of Defendants' acts alleged herein, Noodle Time has suffered and, unless Defendants' conduct is restrained, will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## DEMAND FOR JURY TRIAL

Plaintiff Noodle Time respectfully demands a trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Noodle Time respectfully prays for the following relief against Defendants:

(a)    An order declaring that Defendants' unauthorized conduct violates the Lanham Act, 15 U.S.C. §§1114, 1125(a), and 1125(c); La. Rev. Stats. §§ 51:222, 51:223.1, and 51:1405; and La. Civ. Code Art. 2315.

(b)    An order preliminarily and permanently enjoining and restraining Defendants and those in active concert and participation with Defendants from:

(i)    Further infringing and/or making any use of Noodle Time's **BENIHANA®** Trademarks or any mark confusingly similar thereto including,

23

without limitation, the HANA Marks, to advertise, promote, display or sell any good/service;

(ii)    Further making any dilutive use of Noodle Time's **BENIHANA®** Trademarks and/ or the HANA Marks to advertising, promote, display, or sell any good/service;

(iii)   Making any use of any corporate name, domain name, or trade name confusingly similar to Noodle Time's **BENIHANA®** Trademarks and/or consisting of, in whole or in part, the HANA Marks;

(iv)    Registering any trademarks, domain names, trade names or corporate names consisting of, in whole or in part, the HANA Marks and/or Noodle Time's **BENIHANA®** Trademarks, or any word or mark confusingly similar thereto;

(v)     Representing or suggesting to any third party that Defendants are affiliated with, sponsored by, licensed by, or otherwise connected with Noodle Time or Noodle Time's **BENIHANA®** Trademarks; and

(vi)    Otherwise unfairly competing with Noodle Time;

(c)     An order compelling Defendants to transfer registration of any domain names consisting of, in whole or in part, the HANA Marks and/or Noodle Time's **BENIHANA®** Trademarks, to Noodle Time;

24

(d)     An order compelling Defendants to remove all signs, and to recall all copies of print media, press releases, promotions, or advertisements in Defendants' control bearing the HANA Marks and/or Noodle Time's **BENIHANA®** Trademarks and all related goods/services and/or materials, pursuant to 15 U.S.C. § 1118;

(e)     An order directing any other relief that the Court may deem appropriate to prevent the public from deriving any erroneous impression that any goods/services offered by Defendants are authorized by Noodle Time or are in any way related to Noodle Time and Noodle Time's goods/services;

(f)     An order directing an accounting and judgment be rendered against Defendants for:

(i)     An award of profits received by Defendants' from their misuse of the **BENIHANA®** Trademarks, as provided for in 15 U.S.C. § 1117;

(ii)     All profits received by Defendants and all damages sustained by Noodle Time on account of Defendants' false suggestion or connection with Noodle Time through the use of the **BENIHANA®** Trademarks;

(iii)     An award of damages to Noodle Time for Defendants' wrongful conduct, including treble damages for Defendants' intentional and willful conduct pursuant to 15 U.S.C. § 1117;

(iv)     An award to Noodle Time for costs, including reasonably attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. § 1114;

(v)     An award of punitive damages in a sum to be determined at trial on the basis of Defendants' deliberate and intentional infringement and false designation of origin;

(vi)    A judgment prohibiting Defendants from engaging in further acts that are likely to injure the business reputation of Noodle Time and to dilute the distinctive quality of Noodle Time's **BENIHANA**® Trademarks under Louisiana law;

(vii)   A judgment awarding Noodle Time damages for trademark infringement and unfair competition under Louisiana law, including treble damages under La. Rev. Stat. § 51:1409(A) for any continued violations of LUTPA; and

(viii)  Any other relief that the Court finds warranted and just.

Dated: March 1, 2013

Respectfully submitted,

*/s/ Mia Mitchell Grandpre*
HARRY S. HARDIN, III (#6540)
MIA MITCHELL GRANDPRE (#33458)
Jones Walker Waechter Poitevent Carrère &
     Denègre, L.L.P.
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone:  (504) 582-8000
Facsimile:  (504) 582-8583
Email:  mgrandpre@joneswalker.com

Alan Fein, Esq.
Janet Moreira Gamble, Esq.
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.

{N2597327.1}

150 West Flagler Street
Suite 2200
Miami, Florida 33130
Tel: 305.789.3200
Direct: 305.789.4170
Fax: 305.789-2612
E-mail: jgamble@stearnsweaver.com

***Attorneys for Noodle Time, Inc.***

{N2597327.1}