RECEIVED
IN LAKE CHARLES, LA.
JUL 22 2013
TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| NOODLE TIME, INC., | : | DOCKET NO. 2:13-CV-450 |
| VS. | : | JUDGE MINALDI |
| NI'S ENTERPRISES INC., ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

Before the court is a Motion to Set Aside Entry of Default and Leave to File Answer [Doc. 12] filed by the defendants, Ni's Enterprises, Inc., Shreveport 1752 Corp., Inc., Hana Japanese Restaurant, Inc., Lai Enterprises, Inc., Ni's Corp., Inc., Xeulai Wu, individually and in her capacity as officer of Shreveport 1752 Corp., Inc., and Zhiqiang Ni, individually and in his capacity as officer of Ni's Enterprises, Inc.. The plaintiff, Noodle Time, Inc., filed an Opposition to Defendant's Motion to Set Aside Default [Doc. 21]. The defendants then timely filed a reply [Doc. 22]. For the foregoing reasons, the defendants' Motion to Set Aside Entry of Default and Leave to File Answer is GRANTED.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 1, 2013, the plaintiff initiated this suit, alleging various tort theories stemming from trademark infringement.[1] On March 8, 2013, the plaintiff served Xuelai Wu, who accepted service for herself and Shreveport 1752, Hana Japanese Restaurant, and Lai Enterprises as their registered agent.[2] The plaintiff served Zhiqiang Ni on the same day, who accepted service for

---

[1] Pl's Compl., [Doc. 1].

[2] *See* Summons, [Doc. 6].

1

himself and for Ni's Enterprises and Ni's Corporation as their registered agent.[3] Pursuant to Federal Rule of Civil Procedure 12, the defendants were required to file a responsive pleading on Pacer by March 29, 2012.[4]

A day prior to the pleading deadline, the defendants, acting *pro se*, faxed a Motion to Dismiss to the plaintiff.[5] In their reply brief, the defendants also claim they forwarded their Motion to Dismiss to the Clerk of Court on March 26, 2012. According to the defendants, USPS attempted to deliver the motion on March 27, 2012, but was unable to deliver it on that day for unknown reasons.[6] On April 2, 2012 the plaintiff filed a Motion for Clerk's Entry of Default, asserting that the defendants had failed to respond to their complaint.[7] The clerk's office then posted an Entry of Default.[8] On the same day, the clerk's office posted the defendants' Motion to Dismiss on Pacer.[9] The clerk's office also entered a Notice of Deficiency as to the Motion to Dismiss, noting that the motion was deficient because: (1) an individual had signed on behalf of a corporation; (2) the document was not accompanied by certified service; and, (3) the document was filed on behalf of a party against which default has been entered, and the only permissible pleading from a party in default was a Motion to Set Aside the Default.[10]

---

[3] *Id.*

[4] The defendants did not consent in writing to service through any other means than Pacer.

[5] *See* Pl.'s Opp. to Defs.' Mot. to Set Aside Default, [Doc. 21] at p. 3.

[6] *See* Defs' Reply to Mot. to Set Aside Default, [Doc. 22] at p. 4.

[7] *See* Pl.'s Mot. for Entry of Default, [Doc. 7].

[8] *See* Clerk's Entry of Default, [Doc. 8].

[9] *See* Pl.'s Deficient Mot. to Dismiss, [Doc. 9].

[10] *See* Not. of Deficiency, [Doc. 16]..

Until April 15, 2013, the defendants acted *pro se* and consulted Stephen Ninggand Yao.[11] Yao initially began acting as the defendants' representative during the parties' Trademark Trial Appeal Board ("TTAB") dispute.[12] The plaintiff advanced similar arguments in the TTAB as in the present case; namely, that the defendants' "Hana" restaurant identity was too similar to the plaintiff's "Benihana" restaurant.[13] Yao was in constant communication with the plaintiff's legal counsel during the TTAB proceedings and after the plaintiff initiated this suit. He exchanged numerous emails with the plaintiff's legal counsel to discuss settlement, but a settlement was never reached.

The defendants subsequently retained counsel and filed a Motion to Set Aside Default and for Leave to File Answer on April 15, 2013.[14] On April 16, 2013, the plaintiff filed a Motion for Default Judgment, reasserting the same arguments in its original Motion for Entry of Default, and further arguing that the defendants had failed to assert any basis for this court to set aside the clerk's default.[15] This court denied the plaintiff's Motion for Default Judgment as premature and allowed both parties to file a response and reply brief to the defendant's Motion to Set Aside Default.[16]

## RULE 60(b) LEGAL STANDARD

Generally, Rule 55(a) provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

---

[11] *See* Defs.' to Mot. to Dismiss, [Doc. 9] at pp. 4-5. Although Yao is not a licensed attorney, he represents himself as a "tax law practitioner."

[12] *See* TTAB Documents, Ex. 4 to Pl.'s Opp. to Mot. to Set Aside Default, [Doc. 21-1] at pp. 43-47.

[13] *Id.*

[14] *See* [Doc. 12].

[15] *See* [Doc. 17].

[16] *See* [Doc. 20].

otherwise, the clerk must enter the party's default" pursuant to Rule 55(b). Fed. R. Civ. P. 55(a). The Fifth Circuit has directed district courts to "set aside an entry of default for good cause" under Rule 60(b). Courts may consider three factors in determining whether sufficient grounds exist for setting aside a default judgment under Rule 60(b)(1): (1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and, (3) the culpability of the defendant's conduct. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). These factors are not "talismanic," and the court may consider other factors, including whether the motion was made within a reasonable time, whether the interest in deciding the case outweighs the interest in the finality of the judgment, whether the public interest is implicated, and the amount of money at stake. *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992).

Granting or denying a motion to set aside a default judgment under Federal Rule of Civil Procedure 60(b) rests within the sound discretion of the trial court. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The court's discretion, however, is not unbounded; it must be exercised in light of the balance struck by the federal rules between the goal of finality and the "incessant command of the court's conscience that justice be done in light of all of the facts." *Bankers Mortgage Co. v. U. S.*, 423 F.2d 73 (5th Cir. 1970). The Fifth Circuit has adopted a policy in favor of resolving cases on their merits and against the use of default judgments. *See Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 938 (5th Cir. 1999); *Lindsey v. Prive Corp.*, 161 F.3d 886, 892–93 (5th Cir. 1998).

Rule 60(b)(1) further provides relief from a default judgment that results from mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Rule 60(b)(1) is understood to encompass situations in which the movant's failure to respond is attributable to his

own negligence. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Because Congress provided no guideposts for determining what categories of neglect are excusable, the Supreme Court, in *Pioneer,* emphasized an equitable inquiry "taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. Although the concept of excusable neglect is "somewhat elastic," it generally excludes gross carelessness, ignorance of the rules, or ignorance of the law. *See id.* at 392. With these factors in mind, the court turns to the facts of the instant case.

## LAW & ANALYSIS

### I.   Culpability of Defendants' Conduct

When the defendant's negligence was at least a partial cause of its failure to respond, it has the burden of convincing the court its negligence was excusable. *See Rogers,* 167 F.3d at 939 (citing *Baez v. S.S. Kresge Co.,* 518 F.2d 349, 350 (5th Cir.1975)). Excusable neglect arises when the movant did not "willfully neglect" to file a pleading and is a result of something more than the failure to comply with procedural requirements. *Mason & Hanger-Silas Mason Co. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir.1984); *U.S. v. One 1996 Chevrolet Pickup Truck,* 56 F.R.D. 459, 462 (E.D. Tex.1972).

The plaintiff argues that the defendants were properly served with the Summons and complaint and "willfully neglected" to answer the complaint. In support of its argument, the plaintiff argues that Yao acknowledged as early as March 21, 2012 that the defendants had received their complaint. The plaintiff further relies on a number of cases in which the defendants deliberately failed to file a pleading despite timely notice. *See State Farm Mut. Auto. Ins. Co. v. Cohan,* 409 Fed. App'x. 453, 455 (2d Cir. 2011) (defendants did not enter an appearance in the district court until nearly four months later after accepting service); *see also*

*Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347 (9th Cir. 1999) (defendant ignored summons and complaint despite frequent conversation with numerous lawyers and filed false affidavits claiming they had not been served); *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (defendant went on vacation for two weeks after accepting service and inquired about the suit fourteen days after the response pleading was due). In sum, the cases cited by the plaintiff illustrate that defendants who fail to take any actions to file a pleading or remain wholly silent after accepting service have "willfully neglected" to answer the complaint.

In contrast, the defendants did not ignore the suit or remain silent after accepting service. The defendants reasonably believed that they had filed a responsive pleading within the appropriate time frame. On March 26, 2012 the defendants mailed their Motion to Dismiss to the clerk's office. Furthermore, on March 29, 2012, a day prior to the pleading deadline, the defendants faxed their Motion to Dismiss to the plaintiff. The plaintiff acknowledged receiving the pleading but denied its validity because it was delivered via fax and not Pacer. Upon discovering the defect in its pleading, the defendants retained counsel and filed the appropriate pleading.

Courts have consistently found that a defendant's failure to timely answer is not "willful" when the defendant believed an answer had been filed or an answer was not required and that "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Further, courts construe Rule 60(b)(1) liberally to ensure that they resolve doubtful cases on the merits. *Rogers*, 167 F.3d at 938. Therefore, federal courts are hesitant to enter default judgments, particularly

without more than the defendant failing to comply with a procedural time requirement. *Mason*, 726 F.2d at 168.

In the present case, granting the plaintiff a default judgment would only serve as a "termination of litigation by procedural maneuver," which is a drastic remedy, favored neither by the Federal Rules nor the courts. *McZeal v. United Bank & Trust Co.*, No. CIV.A. 09-358, 2010 WL 793679, *4 (W.D. La. Mar. 4, 2010); *see also United States v. One 1966 Chevrolet Pickup Truck*, 56 F.R.D. 459 (E.D. Tex. 1972) (finding no "willful" neglect where defendant failed to file proper response pleading but made several telephone calls to plaintiff to discuss the suit).

## II. Meritorious Defense

To merit relief, the defendants must demonstrate that they have a meritorious defense such that the outcome of the litigation could be different if they were allowed to proceed to trial on the merits. *See Azzopardi v. Ocean Drilling & Exp. Co.*, 742 F.2d 890, 895 (5th Cir.1984). A court will not set aside a default when the defendant cannot raise the possibility of successfully defending suit because, in that case, there is no injustice in entering a default judgment. *Id.* The defendant does not need to prove that it will likely succeed on the merits; rather, it need only establish that the evidence submitted, if proven at trial, would constitute a defense. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir.1993). The requirement of a meritorious defense is intended only to ensure that the court's order vacating judgment will not be an exercise in futility. *Owens-Illinois, Inc v. T & N Ltd.*, 191 F.R.D. 522, 526 (E.D. Tex. 2000).

In support of their defenses, the defendants attached affidavits illustrating the lingual and visual differences between the Benihana and Hana logo.[17] The affidavits and exhibits show that "hana" is a generic Japanese word for flower and that there are no similarities between the two logos; the plaintiff's logo represents a flower while the defendants' logo represents 4 flower

---

[17] *See* Aff. Of Ahiqiang Li, Ex. to Defs.' Mot. to Set Aside Default, [Doc 12-2].

petals. Without inquiring further into the merits of the case as a whole, from the uncontroverted evidence presented to the court, it appears that the defendants have submitted evidence that, if proven at trial, would constitute a defense.

### III. Prejudice to the Plaintiff

If the plaintiff will suffer prejudice by reopening the action, the court may deny the movant's motion for relief. *See Pioneer,* 507 U.S. at 395, 113 S.Ct. at 1498. The prejudice must involve more than the mere possibility of prejudice from delay inherent in every case. *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima,* 776 F.2d 1277, 1280 (5th Cir. 1985). Likewise, delay in the collection of a judgment by a plaintiff or requiring a plaintiff to litigate the merits of the claim is insufficient prejudice to allow a default judgment to stand. *See United States v. One Parcel of Real Property,* 763 F.2d 181, 183 (5th Cir. 1985).

While the plaintiff addresses the defendants' meritorious defense and culpability of the defendants' conduct in their oppositional motion, the plaintiff made no comments on the prejudice they may suffer. Aside from the mere possibility of prejudice from delay inherent in every case, there is no indication that setting aside the default judgment will prejudice the plaintiff. Accordingly, for the reasons set forth *supra*,

**IT IS ORDERED** that the defendants' Motion to Set Aside Entry of Default and Motion for Leave to File Answer [Doc. 12] is **GRANTED**.

Lake Charles, Louisiana, this 22 day of July, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE